## PHŒBE HANNA *vs.* MARY MUNN and HENRY S. PLACIDE.

Application for, and acceptance of, letters of administration by a party who had previously filed a *caveat* to the will, do not constitute an abandonment or withdrawal of such *caveat*.

The act of 1810, ch. 34, sec. 6, gives a discretion to the orphans court to grant letters of administration, pending a contest respecting the will, to the person named as executor, or to the largest legatee of the personalty, or to the person who would be entitled to the administration in case of intestacy.

This act clearly recognises the granting, and continued existence and operation of letters of administration, during a contest as to the validity of the will, and prescribes the proceedings which are to follow the conclusion of such contest.

APPEAL from the Orphans Court of Baltimore county.

On the 21st of September 1836, a paper purporting to be the last will and testament of Nicholas Norris, deceased, was filed in the orphans court of Baltimore county for probate. This will bears date the 20th of September 1832, and by it the appellee, Mary Munn, the testator's sister, was made the residuary legatee and devisee of all the estate after payment of debts, and the appellee, Henry S. Placide, and one Charles Byrne, were appointed executors. On the 26th of September 1836, another paper, also purporting to be the last will and testament of said Norris, dated the 29th of November 1831, was filed in said court for probate. By this will the residue of the estate, after payment of debts, was devised in trust for the appellant, Phœbe Hanna, and said Byrne was appointed sole executor, who subsequently, as well as said Placide, renounced their executorships.

On the 27th of October 1836, the appellant filed a *caveat* against the paper of the 20th of September 1832, and petitioned the court to admit to probate the will in her favor of the 29th of November 1831, which petition was answered by Mary Munn, on the 7th of January 1837, who averred, that the paper of September 1832, was the last will and testament

of said Norris, and objected to the probate of the other. Afterwards, on the 10th of March 1837, the appellant filed a petition praying for certain issues to be sent to a court of law, to try whether the will of November 1831, was in fact the last will and testament of said Norris, and proper to be admitted to probate; and on the 1st of April 1837, the said Mary Munn also prayed for issues to try whether the will of September 1832 ought not to be admitted to probate, and whether said Norris freely and voluntarily executed the paper of November 1831, without undue influence or constraint practised upon him by the appellant or others.

On the 22nd of July 1841, upon the application of the appellant, letters of administration on the estate of said Norris were granted to her by said orphans court, and on the 27th of April 1846, she filed another petition, in which, after reciting all the previous proceedings, and stating that the delay in prosecuting the matter to final hearing was caused by her entire inability to pay counsel fees and costs, she prayed that the issues therein named might be sent to the jury, and that the court would make such other orders, and take such other and further proceedings as should appear just and right; and on the 10th of May 1850, nothing having in the meantime been done, she again applied to the said court to direct to be sent to a court of law for trial the issues required by her application of the 10th of March 1837. Whereupon the court, on the same day, (10th of May 1850,) passed an order, by which, after stating that they had examined all the proceedings in the cause, and as it appeared that, on the application of the petitioner, administration on the estate of said Norris had been granted to her on the 22nd July, 1841, they decided, that her application for administration, and the proceedings thereupon, must be considered to be an abandonment and withdrawal of the petitions and applications previously filed by her in the cause; and that by the grant of administration, as in a case of intestacy, the court, before granting the same, must be presumed to have been satisfied by the petitioner applying for such administration, that the said Norris died intes-

tate, and therefore the court ordered that the application of the petitioner, that the court again take up the case as if it were still pending and undecided, and direct the issues required by her to be sent to a court of law for trial, be disallowed and refused. From this order the appellant appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON, MASON and TUCK, J.

*Jervis Spencer* for the appellant.

The proceedings upon the *caveat* not having been decided by the court, was a *lis pendens*, and the court were not warranted in considering the same abandoned, until the case was, in some way, finally disposed of.

Unless dismissed or discontinued, it could only have been concluded by the order or decree of the court. *Dorsey's Test. Laws*, 15, 1, 3. *Act* 1818, *ch.* 204; and the court were bound to make up the issues. *Ib.*, 14, *pla.*, 16, 17. *Act* 1798, *ch.* 101, *sub-ch.* 15, *secs.* 16, 17.

The court were also wrong in the conclusion of abandonment of the *caveat*, from the fact of taking out administration. They could not presume such abandonment in the face of the pendency of the suit. And if the court erroneously granted the letters of administration, it was their error, which ought not to prejudice the appellant.

But the granting of the letters was a regular proceeding during the pendency of the suit, and by no means warranted the conclusion, that the *caveat* was thereby abandoned. It was the very case in which the court were bound to grant administration. *Dorsey's Test. Laws*, 80, *pla.*, 6. *Act* 1810, *ch.* 34, *sec.* 6. And if afterwards the will should be sustained and letters testamentary should be granted, it would operate as a revocation of the letters of administration. *Dorsey's Test. Laws*, 77, *pla.*, 4. *Acts* 1810, *ch.* 34, *sec.* 6, &c. 1798, *ch.* 101, *sub-ch.* 5, *sec.* 4.

No counsel appeared for the appellees.

Eccleston, J., delivered the opinion of this court.

We do not consider that the application of Phœbe Hanna for letters of administration on the estate of Nicholas Norris, and the granting of such letters to her, constituted an abandonment and withdrawal of the previous petitions and applications filed by her, for the purpose of preventing the paper purporting to be the last will and testament of the said Norris, bearing date the 20th of September 1832, from being admitted to probat, and for the further purpose of establishing, as the last will and testament of the said Norris, the paper dated the 29th of November 1831.

The sixth section of the act of 1810, ch. 34, makes provision for granting letters of administration when a will is contested. It gives a discretion to the orphans court to grant the letters to the person named as executor, or to the person to whom the largest portion of the personal estate is bequeathed, or to the person who would be entitled to the administration in case of intestacy. And the proviso directs: "That upon a decision had on such contested will, the same proceedings shall be had and the same rules apply, as to the completion of the administration, according to the circumstances of the case, as are prescribed by the fifth chapter of the act to which this is a supplement."

This act clearly recognises the granting, and continued existence and operation of letters of administration, during a contest as to the validity of a will. And prescribes the proceedings which are to follow, when the decision is made upon the contested will. In this case the record does not show any decision in regard to the will, nor is there any final action or order of the court in that proceeding, until the decree of the 10th of May 1850, from which this appeal is taken, and which assumes the application of Phœbe Hanna for letters of administration, *per se,* to have been "an abandonment and withdrawal by her of the petitions and applications previously filed."

Not agreeing with the court in this view, but considering the contest in regard to the will still undecided and not neces-

30 . v.3

sarily abandoned, by the application for and acceptance of letters of administration by the appellant, we must reverse the decree of the orphans court and remand the cause for further proceedings.

*Decree reversed and cause remanded.*